DIVISION OF EMPLOYMENT SECURITY, State of Missouri, Plaintiff-Appellant,

v.

TRICE CONSTRUCTION COMPANY, Defendant-Respondent,

Capitol Projects, Inc., Garnishee-Respondent,

Travelers Indemnity Company, Intervenor-Respondent.

No. KCD 28370.

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

Rick V. Morris, Terry C. Allen, Jefferson City, for plaintiff-appellant.

Henry P. Andrae, Richard S. Brownlee, III, Jefferson City, for garnishee-respondent.

James W. Gallaher, Jefferson City, for defendant-respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

The Division of Employment Security appeals from an order of the circuit court quashing two garnishments.

On this appeal the Division contends the court erred because the State has a priority to the funds sought to be garnished under § 430.330, RSMo1969; the money in question belonged to Trice Construction Company and was subject to garnishment; and the subrogation lien of Travelers Indemnity Company does not take priority over the claim of the Division. Affirmed.

The issues in this case were submitted to the court on a stipulation of facts. On March 4, 1974, Capitol Projects, Inc., entered into a contract with Trice Construction Company for the construction of a building in Jefferson City. On the same day Travelers entered into a performance bond with Capitol by which Travelers agreed to insure the performance of the contract by Trice. Travelers also agreed to insure that all labor and material bills were paid.

On December 12, 1974, Trice wrote Capitol that it was financially unable to complete the project. Thereafter Travelers assumed the financial responsibility for completing the building and Trice did not perform any work after that date.

On November 27, 1974, and December 31, 1974, the Division filed a certificate of assessment against Trice with the circuit clerk of Cole County, pursuant to § 288.170, RSMo1969. The Division later filed a garnishment on each certificate directed to Capitol as garnishee. The certificates indicated a total sum due the Division of $3,761.28.

The Division propounded interrogatories to Capitol, as garnishee, and in response thereto Capitol stated it was holding the sum of $15,282.23 which belonged to Trice. This amount had been earned by Trice but had been retained by Capitol under its contract with Trice which allowed for a ten

percent retainage until the architect certified to Capitol the building had been completed.

Following the filing of the answers by Capitol, Travelers was allowed to intervene. Travelers thereupon asserted its claim to the funds being held by Capitol by reason of its subrogation lien acquired when it was required to perform the contract on the default of Trice.

The court ordered the garnishments quashed and this appeal by the Division followed.

The right of a surety to amounts retained by an obligee under a performance bond has been the subject of much litigation. One of the leading cases in this area is *Prairie State National Bank v. United States,* 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412 (1896). In that case the court held a surety who is required to perform a building contract under its bond obtains an equity in any retainage held by the obligee of the bond. The court further held this equity related back to the date the performance bond under which the surety was required to complete the construction was made. In that case the court held the lien of the surety was superior to the right of a bank to whom the contractor had made an assignment of amounts due under his contract because the surety's obligation was dated prior to the assignment given to the bank.

That case, and the principle established therein, was recognized in *Indiana Truck Co. v. Standard Acc. Ins. Co.,* 232 Mo.App. 63, 89 S.W.2d 97 (1936) where the court stated, at page 104[5], this doctrine ". . . is obviously a salutary one and founded upon established principles of right and equity . . . ."

This doctrine was also recognized in *National Surety Corporation v. Fisher,* 317 S.W.2d 334, 341, 342 (Mo.banc 1958). In that case the court cited a number of cases in which this doctrine was stated and with reference to those cases said at page 341:

In general, these cases hold that a surety which executes a performance bond on a construction contract, and which thereafter is required to pay unpaid labor or material claims, has an equitable right of subrogation and an equitable lien on funds *retained* by the owner or obligee which is superior to the right of one who takes by assignment from the contractor after the execution of the bond; and it is thus held that the surety's equitable lien relates back to the date of its bond. The gist of these cases seems to be that the surety is subrogated to the rights of the owner or obligee, who could, on default, continue to retain funds which it had not paid to the contractor, forfeit his right thereto, and apply them to the payment of claims on the job.

The court further stated at page 342:

We agree with counsel for Century that the equitable lien through subrogation may attach to progress payments earned, as well as to a specifically retained percentage, under some circumstances; but this is only true, we think, if the progress payment has actually been retained by the owner or obligee, or placed under the control (or joint control) of the surety.

While the court in both *Indiana Truck* and *National Surety* did not find the facts in those cases to call for an application of the rule allowing an equitable lien to the surety, there is no doubt the rule announced in *Prairie State National Bank* is recognized in Missouri as being the correct one to follow. There are cases involving public works contracts such as *First State Bank v. Reorganized Sch. Dist. R–3, Bunker,* 495 S.W.2d 471 (Mo.App.1973) which cite the rule as stated in *Prairie State National Bank* and *National Surety.* However, the Division contends cases involving public works contracts are not applicable to this situation. It is not necessary to follow this interesting tangent since the rule is well recognized in cases which do not involve a question of public works contracts.

■ Application of the above stated rule to the facts in this case results in an equitable lien in favor of Travelers on the amount retained by Capitol from sums earned by Trice. This lien in favor of Travelers dates from March 4, 1974, the date Travelers un-

dertook its obligation. The date Trice became obligated to the Division does not appear, but it is apparent this obligation could not have accrued under this contract prior to the date Travelers executed its bonds. In that event the equitable lien which Travelers acquired antedates the date the Division seeks to collect in this proceeding.

The Division contends it is entitled to priority to the extent of its claims by reason of § 430.330. This section gives priority to the State whenever any person indebted to the State is insolvent. That section applies only to the general assets of Trice which would otherwise go to pay the creditors of Trice. *In Re Mt. Vernon Bank*, 334 Mo. 549, 66 S.W.2d 850, 854[4] (1933). In this case the amount held by Capitol was not part of the general assets of Trice which would be available to pay creditors of Trice because it was subject to the equitable lien of Travelers.

The Division further contends the money in the hands of Capitol belongs to Trice and is subject to garnishment. What has already been said disposes of this contention because the funds held by Capitol are subject to the equitable lien of Travelers and for that reason Travelers has a superior right to the State to such funds.

The State finally contends Travelers simply became subrogated to Trice and acquired no greater rights in the funds than Trice had. It is clear Travelers acquired more rights than attach with a simple subrogation. As indicated in the cases discussed herein, Travelers obtained an equitable lien on the retainage held by Capitol which relates back to the very origin of the contract. With an equitable lien attached prior to the time Trice's obligation to the State arose, Travelers is entitled to the funds as against the Division.

The judgment is affirmed.

All concur.